Filed By:
David Giglio, 601,758
Plaintiff's Attorney
231 Elizabeth Street
Utica, NY 13501
315 797-2854

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DINO CAROSELLI,
Plaintiff

04CV0266 GHL/GLS
42 USC §1983

v.

SERGEANT RICHARD COX,
OFFICER ANTHONY VOLPE,
SERGEANT TROY MITCHELL,
OFFICER JAMES WRIGHT
OFFICER CORDWAY,
CAPTAIN JOHN ROURKE
OFFICER CHRISTOPHER CLARKE,
OFFICER JOSEPH VASILE,
PHYSICIAN ASSISTANT LAUX,
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES.
Defendants
_____

**SECOND AMENDED COMPLAINT**

**DEMAND FOR A JURY TRIAL**

**I.  JURISDICTION AND PARTIES**

1. This action is brought pursuant to 42 USC §1983.

2. This in an action of law to address the deprivation under color, statute, custom or usage of rights, privileges and immunities secured to the plaintiff, Dino Caroselli, by the Eighth

      Amendment to the Constitution of the United States and 42 USC §1983 and arising under the laws and statutes of the State of New York.

3. The jurisdiction of this Court is invoked under 28 USC §1331 and §1343(a)(3). This being an action authorized by law to address the deprivation under color of state law, custom or usage of a right, privilege and immunity secured to the Plaintiff by the Eighth Amendment to the United States Constitution. Jurisdiction is also invoked under 42 USC §1983.

4. All conditions precedent to jurisdiction under 42 USC §1983 have occurred or have been complied with as the plaintiff properly exhausted administrative grievance procedures.

5. There is a prisoner grievance procedure at Auburn Correctional Facility. The plaintiff filed a grievance and appealed all the way to the CORC. There were no findings of any wrongdoings by the defendants.

6. The amount in controversy exceeds Fifty Thousand Dollars ($50,000.00) excluding interest and costs and/or otherwise is within the jurisdiction of this Court.

7. The plaintiff is a citizen of the United States and the state of New York who now resides in Shawangunk Correctional Facility, Wallkill, New York 12589-0750.

8. Upon information and belief each of the above named defendants is employed at Auburn Correctional Facility.

9. Each of the above named defendants are "persons" within the meaning of 42 USC §1983.

## II. STATEMENT OF THE FACTS

## AND AS FOR A FIRST CAUSE OF ACTION

10. Plaintiff repeats, reiterates and realleges each and every allegation heretofore set forth in paragraphs number 1-9 with the same force and effect as if the same were fully set forth hereinafter.

11. Upon information and belief, on December 12, 2002 Correctional Officer Anthony Volpe was the administer of drug testing on inmates at Auburn Correctional Facility. At that time, Volpe knowingly tampered with Plaintiff's urinalysis drug test to create a false positive result.

12. Volpe then filed disciplinary charges against the Plaintiff for testing positive for opiates, while knowing that such test was false.

13. Plaintiff was to be provided with a Tier Hearing on December 17, 2002 for such disciplinary charges.

14. On December 17, 2002, Plaintiff was unduly assaulted by several correctional officers including Sergeant Richard Cox, Officer Anthony Volpe, Officer Cordway, Sgt. Mitchell, Officer Clark, Officer Wright and Sgt. Vasile amongst others.

15. Plaintiff suffered fractures to both of his hands, his right ankle, a distal fibular fracture and multiple bruises, abrasions and a broken tooth.

16. Defendant, Captain John Rourke participated in the assault by punching the plaintiff in the face as the plaintiff was being led from the hearing area to the special housing unit in Auburn Correctional Facility.

16. While bleeding from nose and mouth, the Plaintiff was refused treatment by Physician

Assistant Laux and forced to walk on a broken leg.

17. Upon information and belief, most of the assault occurred after Plaintiff was handcuffed behind his back.

18. Thereafter, Plaintiff was forced to remain in his own feces for several days causing Plaintiff to suffer an E-Coli infection.

19. Upon information and belief, the plaintiff suffered personal injury, mental distress, SHU confinement, physical suffering, verbal abuse and fear for life.

WHEREFORE, Plaintiff seeks:

a) Compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000.00);

b) Punitive damage in the amount of seven hundred and fifty thousand dollars ($750,000.00);

c) Attorney Fees pursuant to 42 USC §1988 plus costs of the action; and

d) and such other relief as to the Court seems just and proper.

DATED: October 28, 2005

/s/ David Giglio
David Giglio
Attorney for the Plaintiff
231 Elizabeth Street
Utica, New York 13501
(315) 797-2854